United States District Court
Southern District of Texas

**ENTERED**

April 16, 2021

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| CAROLINA VAZQUEZ and JULIO CESAR VAZQUEZ, INDIVIDUALLY AND AS NEXT FRIENDS FOR T.V., A MINOR, | § § § § § | |
| **Plaintiffs,** | § § | |
| V. | § § | CIVIL ACTION NO. 5:19-CV-32 |
| NR1 TRANSPORT, INC., and WALTER J. DRAKE, | § § § | |
| **Defendants.** | § § | |

## REPORT AND RECOMMENDATION

Before the Court for proposed approval is the settlement of the claims of T.V., Minor Plaintiff. A hearing was held on the proposed settlement on April 14, 2021.

This case arises out of a traffic accident that occurred on November 12, 2018. Plaintiffs Carolina Vazquez and Julio Cesar Vazquez filed suit as next friend of T.V. against Defendants NR1 Transport, Inc., and Walter J. Drake ("Defendants") alleging that Defendant Walter J. Drake negligently operated a vehicle which caused a collision and resulted in injuries to the Plaintiffs. (Dkt. No. 19 at 3). On October 2, 2020, the parties filed a notice of settlement of this matter with the Court. (Dkt. No. 57). For the reasons stated below, the Court **RECOMMENDS** that the District Judge approve the proposed settlement as it pertains to Minor Plaintiff T.V.

### I. Background

On November 12, 2018, Plaintiffs Carolina Vazquez and T.V. were involved in an auto accident in Laredo, Texas, with a vehicle operated by Defendant Walter J. Drake. (Dkt. No. 19 at 3).

Plaintiff Carolina Vazquez alleges that on said date, Defendant Walter J. Drake, driving a tractor and trailer combination, disregarded a red light and caused a collision at an intersection. (Dkt. No. 61 at 2). Plaintiffs Carolina Vazquez and T.V. complained of minor injuries but did not immediately seek medical attention. (*Id*.). Later that day,

Plaintiff Carolina Vazquez took T.V. to the hospital. (*Id*.). T.V. was medically screened for injuries, and no injury was discovered. (*Id*.). T.V. was taken to a chiropractor the next day for physical therapy. (*Id*.). T.V. attended eight physical therapy sessions over two weeks and received no medication or follow up treatment. (*Id*.). Plaintiff Carolina Vazquez reported that T.V. made a complete and total recovery after her final physical therapy sessions ended. (*Id*.).

Plaintiff Carolina Vazquez testified at the conclusion of the April 14 hearing that: (1) T.V. has fully recovered from their injuries, (2) T.V. has no further lasting effects from the accident, (3) the amount of the settlement pertaining to T.V. fairly compensates her for her damages, and (4) Plaintiff Carolina Vazquez approves of the settlement of T.V.'s claims.

## II. Legal Standards

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Ad- vert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The law of the minor's domicile "presumptively . . . would control" in determining whether a next friend may settle a claim on the minor's behalf. *St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987). Federal Rules of Civil Procedure 17 provides that a minor may sue by a next friend, as follows:

(c) Minor or Incompetent Person

[...]

(2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). Additionally, Texas Rules of Civil Procedure 44, provides:

Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following

rules:

(1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.

(2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.

Tex. R. Civ. P. 44.

"A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The Court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Typically, a court cannot appoint a guardian ad litem where the minor is already represented by someone who is considered appropriate under the law of the forum state. *Rivas v. Greyhound Lines, Inc.*, 2015 WL 13710123, at *1 (W.D. Tex. June 18, 2015).

### III. Findings of Fact and Conclusions of Law

On October 2, 2020, the parties reached an agreement to settle the claims in this matter. (Dkt. No. 57). Pursuant to the settlement agreement, Defendant agreed to pay the total sum of $4,500.00 for settlement of T.V.'s claims in exchange for a release of all claims regarding the incident.

At the hearing and in the written Settlement Memorandum and Statement, (Dkt. No. 61), Plaintiffs' counsel provided information regarding the breakdown and distribution of T.V.'s settlement funds, including the expenses deducted from the settlement funds. Plaintiffs' counsel reduced their attorneys' fees to 35% from the contracted amount of 40%. (*Id.* at 5). It was explained at the hearing that, although there were significant litigation expenses incurred for the litigation, including Plaintiff Carolina Vazquez's claims, the only expenses attributed to T.V. were in the amount of $108.14, which were costs incurred for obtaining copies of her medical records. (*Id.*). The Court finds the attorneys' fees and expenses incurred by T.V.'s attorneys related to her claims to be reasonable.

Plaintiffs' counsel also negotiated the amount of T.V.'s medical expenses down

from $1,296.00 to $1,000.00.

After payment of attorneys' fees and expenses and medical expenses, T.V. will receive the amount of $1,816.86. (Dkt. No. 61 at 4).

The Court finds that it is not necessary or appropriate to appoint a guardian ad litem to protect the interests of Minor Plaintiff T.V. because there is no potential or actual conflict of interest between the T.V and her parents, Plaintiffs Carolina Vazquez and Julio Cesar Vazquez, in this matter. Plaintiff Carolina Vazquez's claims settled for significantly more money, but that was due to the fact that she suffered a lower back injury that required surgery. (*Id.* at 3). She was hospitalized, bed-ridden and home bound post-surgery for many weeks. (*Id.*). Carolina Vazquez incurred medical expenses in the past of $254,903.60 and was expected to incur hundreds of thousands more in future medical expenses. (*Id.*). However, the total amount of the settlement for both Plaintiffs Carolina Vazquez, individually, and for T.V. was well under Defendants' policy limits for the accident, and therefore the available policy limits did not create a conflict between Plaintiff Carolina Vazquez and T.V. as to the availability or division of applicable insurance proceeds. The Court finds that Plaintiffs Carolina Vazquez and Julio Cesar Vazquez, as next friend of T.V., can adequately protect the interests of T.V. in this lawsuit.

After independent review of the proposed agreement and consideration of the parties' representations and testimony, the Court finds that T.V.'s interests have been properly protected, that there is no evidence of fraud, duress, or collusion, and that the proposed agreement is fair, reasonable, and in T.V.'s best interests. Furthermore, the Court finds that depositing T.V.'s settlement funds in the Registry of the Court until T.V. reaches the age of majority is in T.V.'s best interest.

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to Minor Plaintiff T.V. The Court further **RECOMMENDS** that, upon receipt of the settlement funds for T.V., the Clerk of Court be **DIRECTED** to deposit said funds into an interest-bearing account. T.V. will be entitled to withdraw her settlement funds upon reaching eighteen years of age and upon the filing of a proper motion and order by the Court. The Court further **RECOMMENDS** that the parties be ordered to file their Joint Stipulation of Dismissal within **fourteen days** of the entry of an order accepting this Report.

**IV. Parties' Waiver of Objections and Request to Adopt this Report**

At the close of the settlement hearing, all Plaintiffs and Defendants, through their counsel, waived their right to object to the proposed findings and recommendations contained in this Report, stated that they had no objection to the Court's findings, and requested that the District Court accept the findings of this Court. Therefore, the District Court may act on this Report immediately.

**SIGNED** on April 16, 2021.

_____
John A. Kazen
United States Magistrate Judge